# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

MEREDITH, INC., d/b/a )
Direct Mail USA, )
         )
        Plaintiff, )
         )
        vs. )        No. 4:04CV1727-DJS
         )
THE MARKETING RESOURCES GROUP OF )
OREGON, INC., DARACHNEL, INC. and )
FREEDOM COMMUNICATIONS, LLC, )
         )
        Defendants. )

## MEMORANDUM AND ORDER

Plaintiff Meredith, Inc. ("Meredith"), a direct mail marketing firm, brings its second amended complaint against The Marketing Resources Group of Oregon, Inc. ("MRG"), Darachnel, Inc. ("Darachnel"), and Freedom Communications, LLC ("Freedom"), three Oregon competitors. Plaintiff alleges that defendants recruited away from plaintiff its top salesman, Victor Northern, and in so doing that defendants induced Northern's violation of his employment agreement with plaintiff and misappropriated plaintiff's proprietary information. The second amended complaint asserts claims of tortious interference with contract (Count I), violation of the Uniform Trade Secrets Act as enacted in both Missouri and Oregon (Count II), civil conspiracy (Count III), and violation of Missouri's computer tampering statutes (Count IV). Now before the Court are motions by each of the three defendants challenging

personal jurisdiction and venue, as well as plaintiff's responsive motion for sanctions.

**Personal Jurisdiction and Venue**

Defendant Freedom contends that the Court lacks personal jurisdiction over it because its few Missouri contacts preceded and bear no relation to plaintiff's claim, because Freedom has never had any contact with Victor Northern, and because the relationships between defendants are insufficient to base personal jurisdiction over Freedom on the other defendants' contacts with Missouri and with Victor Northern. Similarly, defendant MRG contends that the Court lacks personal jurisdiction over it because its few Missouri contacts preceded and bear no relation to plaintiff's claim, because MRG has never had any contact with Victor Northern, and because the relationships between defendants are insufficient to base personal jurisdiction over MRG on the other defendants' contacts with Missouri and with Victor Northern.

Defendant Darachnel challenges the existence of personal jurisdiction, and also alternatively seeks leave to permit jurisdictional discovery including depositions,[1] as well as an order requiring plaintiff to amend its complaint to more definitely state its allegations with respect to each defendant. In contrast

---

[1] The Court's order of December 21, 2004 [Doc. #7] permitted the commencement of discovery other than depositions and requests for admissions.

to defendants MRG and Freedom, Darachnel acknowledges contacts with Victor Northern, specifically that Darachnel negotiated and executed an employment contract with Victor Northern in or about November 2004.  Darachnel's Memo. [Doc. #31], p.5.[2]  Darachnel argues, however, that plaintiff's claims do not arise out of, or relate to, this employment contract, id., and that any transmission of trade secrets by Mr. Northern to Darachnel was unsolicited and that Darachnel has not opened, downloaded or otherwise benefitted from such information, id. at 6.  Darachnel further acknowledges that Mr. Daniel Sattel, Darachnel's representative, met with Mr. Northern in St. Louis County, Missouri to discuss Northern's prospective employment with Darachnel.  Id. at 8.  In the Court's view, these admitted facts concerning Darachnel's contacts with Northern are clearly adequate to establish personal jurisdiction over Darachnel.

        The party seeking to invoke federal jurisdiction has the burden of establishing that jurisdiction exists.  Mountaire Feeds, Inc. v. Agro Impex, S.A., 677 F.2d 651, 653 (8th Cir. 1982). However, "[t]o defeat a motion to dismiss for lack of personal jurisdiction, the nonmoving party need only make a prima facie showing of jurisdiction."  Dakota Indus., Inc. v. Dakota Sportswear, Inc., 946 F.2d 1384, 1387 (8th Cir. 1991) (citing Watlow Elec. Mfg. v. Patch Rubber Co., 838 F.2d 999, 1000 (8th Cir.

_____

        [2] Darachnel represents that the contract was rescinded within one week of its creation.  Id. at 8.

1988)).  When, as in this case, the Court does not hold a hearing but instead relies on pleadings and affidavits, the Court must look at the facts in the light most favorable to the nonmoving party, resolving all factual conflicts in favor of that party.  _Id._ (citing _Nieman v. Rudolf Wolff & Co., Ltd._, 619 F.2d 1189, 1190 (7th Cir.), _cert. denied_, 449 U.S. 920 (1980)); _accord_ _Aaron Ferer & Sons Co. v. Diversified Metals Corp._, 564 F.2d 1211, 1215 (8th Cir. 1977).

In analyzing a motion to dismiss for lack of personal jurisdiction, the Court must engage in a two-pronged analysis as to whether there is personal jurisdiction over the non-resident defendant under the state long-arm statute and whether the exercise of personal jurisdiction over the defendant would violate the due process clause of the Fourteenth Amendment.  _Precision Construction Co. v. J.A. Slattery Co._, 756 F.2d 114, 115 (8th Cir. 1985).  However, "Missouri caselaw is clear that the purpose of the long-arm statute is 'to extend the jurisdiction of the courts . . . to that extent permissible under the Due Process Clause of the Fourteenth Amendment.'"  _In re Texas Prisoner Litigation_, 41 F. Supp. 2d 960, 962 (W.D.Mo. 1999) (citing _State ex rel. Deere & Company v. Pinnell_, 454 S.W.2d 889, 892 (Mo. banc 1970)).  As such, "the examination of whether Missouri's long-arm statute has been satisfied is coextensive with whether the assertion of personal jurisdiction over the defendant meets the requirements of due process, and the analysis is collapsed into the single question of

whether asserting jurisdiction violates the Due Process Clause." Bell v. Imperial Palace Hotel/Casino, Inc., 200 F.Supp.2d 1082, 1085 (W.D.Mo. 2001).

The Due Process Clause of the Fourteenth Amendment requires that a non-resident defendant have certain minimum contacts with the forum state such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945); accord World Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980). "In judging minimum contacts, a court properly focuses on 'the relationship among the defendant, the forum and the litigation'." Calder v. Helicopteros Nacionales de Colombia S.A. v. Hall, 466 U.S. 408, 414 (1984). The defendant's contacts with the forum state must be purposeful and such that defendant "should reasonably anticipate being haled into court there." World Wide Volkswagen, 444 U.S. at 297.

Applying these principles, Darachnel's negotiation of an employment agreement with Victor Northern, a Missouri resident, and the Missouri meeting of Darachnel's representative with Northern concerning the matter constitute purposeful contacts with the forum. The Court readily rejects Darachnel's argument that plaintiff's claims do not relate to Darachnel's employment agreement with Northern. On its face, the complaint alleges that in connection with reaching that agreement with Northern, defendants induced Northern's breach of his agreement with

5

plaintiff and misappropriated plaintiff's trade secrets. Defendants' arguments concerning the merits of these claims are inapposite in the personal jurisdiction context. For all these reasons, Darachnel's motion to dismiss will be denied.

The pertinent facts relating to the motions of Freedom and MRG are somewhat different, particularly as Freedom and MRG appear to have initially overstated their case for lack of personal jurisdiction. As noted above, Freedom and MRG each initially claimed never to have had any contact with Victor Northern. Freedom's Memo. [Doc. #26], p.5; Affidavit of Phil Andersch [Doc. #26], ¶5; MRG's Memo. [Doc. #28], p.5; Affidavit of Mark Baird [Doc. #28], ¶19. Subsequently, Freedom and MRG admitted that their representative Mark Baird met with Northern in Oregon to discuss the possibility of Northern's employment with Freedom. Supplemental Affidavit of Phil Andersch [Doc. #41.2], ¶3; Supplement Affidavit of Mark Baird [Doc. #41.9], ¶4. Although this meeting is characterized as relating to potential employment with Freedom, the Court notes that Baird claims to be the President and a 50% shareholder of MRG as well as a 50% owner of Freedom, and by defendants' own account, interest in employing Northern existed at various times among at least two of the three defendants. In general, despite defendants' protestations to the contrary, interrelationships between the defendants appear to exist, and the precise nature and potential legal ramifications of those

interrelationships have not and cannot be established at this stage of the proceedings.[3]

The credibility of Freedom and MRG suffers because of the apparent untruth of their initial blanket statement denying any contacts with Northern.[4]   Nonetheless, Freedom and MRG, unlike Darachnel, did not ultimately enter into any agreement with Northern and do not appear to have met with him in Missouri.   That Northern may have believed that Daniel Sattel, with whom he had repeated contacts concerning potential employment, represented MRG rather than Darachnel, cannot in and of itself subject MRG to personal jurisdiction, if Northern's belief was mistaken and Sattel did not act as an agent of MRG.   More importantly, although MRG's and Freedom's contacts with Northern may be established, and the relation of those contacts to plaintiff's claims may be clear, MRG's and Freedom's purposeful contacts *with Missouri* are necessary to a finding of personal jurisdiction, and those appear to be lacking.

The foreseeability of causing injury to plaintiff in Missouri alone cannot supply the necessary Missouri nexus. Foreseeable effects are part of the specific jurisdiction analysis, but only one part:   "[f]oreseeable injury alone is not sufficient

---

[3] At the same time, the Court's personal jurisdiction analysis does not rely on attributing conduct of one defendant to another.

[4] That issue is further addressed below in connection with plaintiff's motion for sanctions.

to confer specific jurisdiction, absent the direction of specific acts toward the forum." Wien Air Alaska, Inc. v. Brandt, 195 F.3d 208, 212 (5th Cir. 1999). Furthermore, "the effects test is not a substitute for a nonresident's minimum contacts that demonstrate purposeful availment of the benefits of the forum state." Allred v. Moore & Peterson, 117 F.3d 278, 286 (5th Cir. 1997). See also Burger King Corporation v. Rudzewicz, 471 U.S. 462, 474 (1985).

On the facts of this case, the exchange of e-mails to and from a Missouri resident does not constitute purposeful availment sufficient to satisfy minimum contacts analysis. Without more, "[c]ontact by phone or mail is insufficient to justify exercise of personal jurisdiction under the due process clause." Porter v. Berall, 293 F.3d 1073, 1075 (8th Cir. 2002), citing T.J. Raney & Sons, Inc. v. Sec. Sav. & Loan Assoc., 749 F.2d 523, 525 (8th Cir. 1984).

For all the foregoing reasons, the Court concludes that it lacks personal jurisdiction over defendants MRG and Freedom. Employing the appropriate focus on the relationship among the defendant, the forum and the litigation, the Court determines that MRG and Freedom are not shown to have made purposeful contacts with Missouri such that they should reasonably anticipate defending suit in Missouri. Because MRG and Freedom lack minimum contacts with Missouri as a forum, the Court cannot exercise personal

jurisdiction over them consistent with the Due Process Clause or Missouri's long-arm statute.

The Court is thus faced with a scenario in which personal jurisdiction is lacking against two of three related defendants against whom the same claims are made. All three defendants are clearly subject to personal jurisdiction and venue in Oregon, however. Transfer to the United States District Court for the District of Oregon would allow the claims against the three defendants to remain together, in a forum in which all can be heard together. Such a transfer is therefore in the interest of justice, is permitted pursuant to 28 U.S.C. §1404(a) and/or §1406(a),[5] and will be ordered.

## Sanctions

Plaintiff seeks the imposition of sanctions against all defendants, alleging that each of them has made material misrepresentations to the Court in connection with the motions to dismiss. The Court agrees that MRG and Freedom were untruthful in making their initial blanket assertions that they never had any contact with Victor Northern. As noted above, MRG and Freedom have more recently backed off such a claim, although without an express acknowledgment that the claim was initially wrongly made. The

---

[5] In Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466 (1962), the Supreme Court held that §1406(a) authorizes transfers within its ambit even where the transferor court lacks personal jurisdiction over the defendants.

other alleged falsehoods cited by plaintiff in support of its sanctions motion (Pltf. Memo. [Doc. #46], p.3) are either not established to be false or are matters as much of argument as of fact, and do not therefore support the imposition of sanctions.

The Court is persuaded that sanctions against Freedom and MRG (although not Darachnel) are appropriate based on the misrepresentation concerning contacts with Northern. This is so even though the Court ultimately was persuaded that it lacked personal jurisdiction over MRG and Freedom for reasons other than their fictitious lack of contacts with Victor Northern. Under Fed.R.Civ.P. 11(c)(2), sanctions are to "be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated." Striking defendants' pleadings, as plaintiff requests, is too harsh a sanction and excessive under the Rule 11(c)(2) standard.

Instead, the Court will grant the motion for sanctions as against MRG and Freedom, and impose two types of monetary sanction. First, the Court will order MRG and Freedom to remit to plaintiff a monetary sanction designed to partially reimburse plaintiff for the costs and attorney's fees associated with defending against the motions to dismiss and with filing the motion for sanctions. Considering that plaintiff's position proved only partially successful with respect to both personal jurisdiction and sanctions, the Court deems a total of $3,000 to be a reasonable partial reimbursement, and will therefore order MRG and Freedom

each to bear $1,500 as a reasonable sanction for their misrepresentation in support of their motions to dismiss. In addition, as an appropriate sanction for MRG's and Freedom's misrepresentation to the Court, each will be ordered to pay $2,500 as a penalty to the Court (for a total of $5,000) as a deterrent to the repetition of such conduct.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Darachnel, Inc.'s Rule 12(b)(2) motion to dismiss plaintiff's second amended complaint for lack of personal jurisdiction and, in the alternative, motion to permit jurisdictional discovery, and, further in the alternative, Rule 12(e) motion for more definite statement [Doc. #30] is denied.

**IT IS FURTHER ORDERED** that defendant Freedom Communications, LLC's motion to dismiss for lack of personal jurisdiction, or, in the alternative, motion to dismiss for improper venue [Doc. #25] is granted in part and denied in part as follows.

**IT IS FURTHER ORDERED** that defendant Marketing Resources Group of Oregon, Inc.'s motion to dismiss for lack of personal jurisdiction, or, in the alternative, motion to dismiss for improper venue [Doc. #27] is granted in part and denied in part as follows.

**IT IS FURTHER ORDERED** that this action be transferred to the United States District Court for the District of Oregon pursuant to 28 U.S.C. §1404(a) and §1406(a), given the lack of personal jurisdiction in this forum over defendants Marketing Resources Group and Freedom Communications, and the existence of personal jurisdiction and proper venue over all three defendants in the District of Oregon.

**IT IS FURTHER ORDERED** that plaintiff's motion for sanctions against all defendants [Doc. #45] is denied in part as against defendant Darachnel, Inc., and is granted in part as follows with respect to defendants Marketing Resources Group and Freedom Communications.

**IT IS FURTHER ORDERED** that, as a sanction pursuant to Fed.R.Civ.P. 11 for the reasons stated in the Court's memorandum, defendant Marketing Resources Group of Oregon, Inc. shall remit to plaintiff the sum of $1,500, and shall pay to the Court as a penalty the sum of $2,500. Within fourteen (14) days of the date of this order, Marketing Resources Group shall submit the required penalty to the Clerk and shall file with this Court its notice representing that it has made the required remittance to plaintiff, and the date and manner of the remittance.

**IT IS FURTHER ORDERED** that, as a sanction pursuant to Fed.R.Civ.P. 11 for the reasons stated in the Court's memorandum, defendant Freedom Communications, LLC shall remit to plaintiff the

sum of $1,500, and shall pay to the Court as a penalty the sum of $2,500. Within fourteen (14) days of the date of this order, Freedom Communications shall submit the required penalty to the Clerk and shall file with this Court its notice representing that it has made the required remittance to plaintiff, and the date and manner of the remittance.

Dated this __23rd__ day of September, 2005.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE